IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GENE A. MITCHELL | § | |
| v. | § | CIVIL ACTION NO. 6:09cv404 |
| NATHANIEL QUARTERMAN, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Gene Mitchell, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mitchell complained that female guards at the Moore Unit routinely observe male inmates showering and using the toilet. He contended that this violated his right to privacy and also his religious rights. Mitchell said that he filed a grievance, and Warden Ruthven told him that "you are a prisoner and will not tell me where to put staff," which Mitchell says is proof that she was deliberately indifferent to his rights. He also said that former TDCJ-CID Director Nathaniel Quarterman was deliberately indifferent through the setting of policies allowing this practice.

An evidentiary hearing was conducted and the Defendants have filed a motion for summary judgment, to which Mitchell filed a response. After review of the pleadings and testimony, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and the lawsuit dismissed with prejudice. The Magistrate Judge said that the Fifth Circuit has found

1

no privacy or Eighth Amendment violations with this practice, and that the practice comports with the compelling state interests of maintaining security and providing equal employment opportunities, and so Mitchell's religious claims fail as well. Finally, the Magistrate Judge said that the fact that Warden Ruthven denied Mitchell's grievance could not form the basis of a constitutional claim.

In his objections, Mitchell says that he has furnished U.S. Supreme Court case law supporting his position, but a search of his pleadings reveals no such case law. He complains that the Magistrate Judge cited no cases showing that the Fifth Circuit has held that female guards observing male inmates nude did not offend the Constitution, but the Magistrate Judge cited several cases to this effect, including Oliver v. Scott, 276 F.3d 736, 743 (5th Cir. 2002). Mitchell does cite a case from the Seventh Circuit, Canedy v. Boardman, 16 F.3d 183 (5th Cir. 1994) in support of his claim, but this Court, the Eastern District of Texas, is bound to follow authority from the Fifth Circuit and not the Seventh Circuit. This objection is without merit.

Next, Mitchell complains that he was not allowed to amend his complaint to show the grievance which Warden Ruthven denied. He discussed this claim at the evidentiary hearing and the Magistrate Judge addressed it in the Report. This objection is without merit.

Third, Mitchell refers to Gunther v. Iowa State Men's Reformatory, 612 F.2d 1079 (8th Cir.), *cert. denied*, 446 U.S. 966 (1980), *overruled on other grounds by* Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982). He cites the Supreme Court's denial of certiorari in Gunther as meaning that the Supreme Court has "implicitly recognized that the privacy interests of male inmates must be accommodated when integrating female guards into male prisons." The denial of certiorari carries no such implicit meaning; in addition, as the Magistrate Judge observed, Gunther is an employment discrimination case and has little or no bearing on the issues in the present case. Mitchell's objection on this point is without merit.

Mitchell states that he does not have to prove "actual injury" because any psychologist would confirm that he has suffered anguish, humiliation, embarrassment, distress, pain from severe headaches, denial of manhood, and denial of human status. He argues that the Attorney General has

no jurisdiction to represent the Defendants in the case because he is suing them in their "individual, official capacities." These objections are without merit.

Mitchell goes on to assert that the Defendants do not enjoy the shield of immunity and that they are liable for violations of his right to religious exercise. He states that there is no penological justification nor a security need at issue in this case, indicating that "the connection between the regulations and the asserted goal is so remote it will render the policy arbitrary or irrational." Mitchell complains that the Defendants did not argue that security concerns justified the policies, although they pointed to security concerns in their memorandum supporting the motion for summary judgment; he also says that he has "established that there were no penological interests, nor security need for the support of the constitutional violations." His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this case, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 19) is hereby GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 9th day of June, 2010.**

MICHAEL H. SCHNEIDER  
UNITED STATES DISTRICT JUDGE